NO. 8931

COURT OF APPEAL

PARISH OF ORLEANS

———

EQUITABLE EQUIPMENT COMPANY

VERSUS

MERCHANTS RAILWAY TRAFFIC

ASSOCIATION LTD.

———

———

Court of Appeal,
PARISH OF ORLEANS

FILED 3/5/23

Stansbury

860

Dinkelspiel; J.

Plaintiff institutes this suit averring that defendant is a corporation under the laws of this state, and doing business in this city. Under a contract annexed to the petition defendant was to furnish plaintiff rate quotations on shipments when requested; averring further that on December 22nd, 1921, plaintiff requested defendant to furnish proper rate of shipment of 130268 gross tons of relay rails from Indian Village, Louisiana, to Manning, Texas, and defendant quoted the rate at $6.83 per gross ton; alleging that relying on defendant's quotation as correct, plaintiff sold to the Carter-Kelley Lumber Company, 130268 gross tons of relay rails at the price of $32.83 per gross ton, which was based on the quotation of $6.83 furnished by defendant. That on the arrival of the shipment at Manning, Texas, the carrier demanded a freight rate of $9.18 per gross ton, which plaintiff was compelled to pay before equipment would be released to consignee. That a demand was made by phone to the defendant company, who replied assuming the responsibility of the difference in freight and xxkxxxkxxx acting on this plaintiff paid the difference, $2.35 per gross ton, and therefore defendant was liable for the sum of $305.75. That remitting the $5.75 suit was instituted for $300.00 in order to give the Court jurisdiction.

Defendant answered admitting all the allegations of plaintiff's petition, but xxxxxxxxxxxxxxxxxxxx deny that there had been a breach of obligation and that under the contract defendant had xxxxxxxx rendered the plaintiff services in this instance, just as it had been doing all along in the course of their business dealings and alleging further that the services rendered were not paid for, hence defendant was not liable.

On these issues the parties went to trial, and we find from the record, the testimony of Charles B. Skinner, who was the auditor and office manager of plaintiff. Plaintiff offered in

evidence, the contract in question, together with two telegrams from the Carter-Kelley Lumber Company and in reference to the telegrams the witness was asked:

Q. Mr. Skinner, will you tell maximum the court in your own words what happened prior to the exchange of these two telegrams as far as the defendant was concerned? A. We called up the Merchants Railway Traffic Association Ltd. for a rate on relay rails from Indian Village, Louisiana, to Manning, Texas, and were max quoted a rate of 30½¢ per one hundred lbs; we checked these rates back with the railroad company and they advised us that the rate ix was $9.18 per gross ton.

Q. What does that 30½¢ per 100 lbs. correspond to? A. $6.83 per gross ton, and to make our quotation to the Carter-Kelley Lumber Company correct, we took this matter up with the Traffic Association advising them that the railroad did not check the same rate that they did and they assured us that the rate of $6.83 per gross ton was correct and we accordingly made our quotation based on this rate.

Q. If you had been quoted ix any other rate would you have quoted a different price? A. Absolutely.

Q. Your price to the consignee would have been based on the quotation furnished by defendant? A. Yes sir.

He further testified that immediately upon resaking learning from the Carter-Kelley Lumber Company, the fact that the carrier would not deliver on the rate quotation of $6.83, plxnxx plaintiff called up the defendant, telling them just what had happened; that the railroad refused to accept the fxix freight on the basis given by the defendant, but insisted on the higher basis, or in other words, $9.18; plaintiff then advised the Carter-Kelley Lumber Company to pay the freight and they would be reimbursed for any loss sustained, within ninety days.

The telegrams in question, the one addressed to the Carter-Kelley Dumber Company, January 19th, 1922, reads as follows:

"Your wire advising rate $9.18 gross ton. Do not pay this amount for our account, correct rate $6.83 gross ton; will wire back to correct draft to take care difference in weight.

Signed by plaintiff".

Subsequently the Carter-Kelley Dumber Company wired:

"Railroad refuses to reduce rate, advise reduction in draft or advise disposition of rail.

Signed by the Carter Kelley Lumber Co."

We find further a letter addressed to plaintiff by defendants, of date January 20th, 1922:

"Referring to phone message of your Mr. Cleveland, if you will advise payment of the fregith bill based on $9.18, per gross ton, we will assume the responsibility of collecting the resultant overcharge within ninety days or in other words protect you for any loss sustained; it is necessary that matter be so handled.

Signed B. E. Slawter, General Manager."

Letter addressed to the Whitney Central National Bank authorizes the acceptance from Carter Kelley Lumber Company of an amount less the amount of bill first rendered, to the extent of $305.75.

In answer to this plaintiff wired the Lumber Company:

"Have wired bank to reduce draft in accordance with your wire."

We find letter of February 13th, written by the defendant to plaintiff corresponding in all respects with what has heretofore been recited, but asking for to be allowed 33 1/3 per cent additional to the contract to take care of the rate adjustment.

Frequent demands in writing had been made by plaintiff on defendant, to all of which no answer was received.

The only real defense offered by the defendant to this claim is insufficient evidence of sale by plaintiff to the Lumber Company; otherwise admitting liability. The record to our entire satisfaction proves beyond doubt plaintiff's claim has been established, that defendant gave a written guarantee to plaintiff that it would protect the plaintiff for the difference within ninety days. Defendant has failed to carry out its agreement.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, defendant to pay costs of both Courts.

–Judgment affirmed–